

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Amarillo, Texas

Dear Sir:

Opinion No. 0-1486
Re: Whether lien on personal
property assigned to a
national bank and presented
by it for recording is sub-
ject to the stamp tax levied
by Article 7047e, Vernon's
Annotated Civil Statutes as
amended by the 46th Legisla-
ture.

We are glad to comply with your letter of
September 20, 1939, requesting our opinion in response
to the following questions:

"Where a chattel mortgage is taken
by a car dealer, and by him transferred
or assigned to a National Bank, before
recording such mortgage, and the Bank
presents such chattel mortgage for re-
cord, is such lien instrument exempt from
the tax levied by Article 7047e, R. C. S.,
as amended?"

Article 7047e, Vernon's Annotated Civil Stat-
utes, as amended by the 46th Legislature, found at page
72 of Vol. 20, reads in part as follows:

"(a) Except as herein otherwise pro-
vided there is hereby levied and assessed
a tax of Ten (10¢) Cents on each One Hun-
dred ($100.00) Dollars or fraction thereof,
over the first Two Hundred ($200.00) Dol-
lars, on all notes and obligations secured

by chattel mortgage, deed of trust, mechan-
ic's lien contract, vendor's lien, condi-
tional sales contract and all instruments
of a similar nature which are filed or re-
corded in the office of the County Clerk un-
der the Registration Laws of this State;
provided that no tax shall be levied on in-
struments securing an amount of Two Hundred
($200.00) Dollars, or less.  After the ef-
fective date of this Act, except as herein-
after provided, no such instrument shall be
filed or recorded by any County Clerk in
this State until there has been affixed to
such instrument stamps in accordance with
the provisions of this section; providing
further that should the instrument filed
in the office of the County Clerk be se-
curity of an obligation that has property
pledged as security in a State or States
other than Texas, the tax shall be based
upon the reasonable cash value of all prop-
erty pledged in Texas in the proportion that
said property in Texas bears to the total
value of the property securing the obliga-
tion; and, providing further that, except
as to renewals or extensions of accrued in-
terest, the provisions of this section shall
not apply to instruments given in renewal or
extensions of instruments theretofore stamped
under the provisions of this Act or the one
amended hereby, and shall not apply to in-
struments given in the refunding of existing
bonds or obligations where the preceding in-
strument of security was stamped in accordance
with this Act or the one amended hereby; pro-
vided further that the tax levied in this Act
shall apply to only one instrument, the one
of the greatest denomination, where several
instruments are contemporaneously executed
to secure one obligation; and provided fur-
ther that when once stamped as provided here-
in, an instrument may be recorded in any num-
ber of counties in this State without again
being so stamped.  This section shall not ap-
ply to instruments, notes, or other obliga-
tions taken by or on behalf of the United

States or of the State of Texas, or any
corporate agency or instrumentality of
the United States, or of the State of
Texas in carrying out a governmental pur-
pose as expressed in any Act of the Con-
gress of the United States or of the Leg-
islature of the State of Texas, nor shall
the provisions of this section apply to
obligations or instruments secured by
liens on crops and farm or agricultural
products, or to livestock or farm imple-
ments, or an abstract of judgment.

Both this and the preceding administration
of the Attorney General's office have expressed the
opinion that national banks were exempt from paying
the stamp taxes levied under Article 7047e before
the amendment by the 46th Legislature. This exemp-
tion comes, not from the language of the taxing stat-
utes, but from the inability of the State to levy
such a tax against national banks. Federal Land
Bank v. Crosland, 43 Supreme Court 385; Des Moines
National Bank v. Fairweather, 44 Supreme Court 23;
First National Bank v. Anderson, 46 Supreme Court
135; Gully v. First National Bank, 81 Fed. (2d) 502;
Section 548, Title 12, U. S. C. A. ; opinion by H.
L. Williford, Assistant Attorney General, to Lock-
hart, March 21, 1938; our opinion No. O-267, dated
February 25, 1939. In our opinion No. O-874 ad-
dressed to Honorable Z. Gossett, Banking Commissioner
of Texas, we affirmed such holding as to the amended
statute. In our conference opinion No. 3061 dated
June 17, 1939, addressed to the State Treasurer, we
expressed the view that this is a privilege tax.

Since the tax levied by said article is not
one upon property, and never accrues until the instru-
ment of security is presented for record, and since
national banks are not subject to the tax levied by
this article, the instruments mentioned by you are
exempt from the tax, and your question must be answered
in the affirmative. This is in accord with the opinion
of H. L. Williford, Assistant Attorney General, dated

Honorable Tom Seay, page # 4


May 27, 1938, addressed to Honorable Ned McDaniel,
County Attorney, Wichita Falls.

                              Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                              (signed)

                    By

                              Glenn R. Lewis
                                   Assistant

GRL:LW


APPROVED OCT 30, 1939

(signed)
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS




                                   APPROVED
                              opinion committee
                              By   BWB
                                   chairman